IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                         **Crim No. 1:24-cr-84-HSO-RPM-1**

**DAVID SCOTT LOVE, IV**

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION [54] TO DISMISS INDICTMENT

Defendant David Scott Love, IV ("Defendant" or "Love") is charged with Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). *See* Compl. [1] at 1. In the instant Motion [54], Love asks the Court to dismiss his indictment because "18 U.S.C. § 922(g)(1) violates the Second Amendment to the United States Constitution and is unconstitutional, both facially and as applied to him." Mot. [54] at 1. After review of the Motion [54], the record in this case, and applicable legal authority, the Court finds that his Motion [54] to Dismiss Indictment should be denied.

I. BACKGROUND

On July 1, 2024, Defendant was charged with one count of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). *See* Compl. [1] at 1. On August 18, 2025, Love filed the instant Motion [54], seeking to dismiss the charges against him. *See* Mot. [54]. Love argues that §922(g)(1) is: (1) unconstitutional as applied to him; (2) facially unconstitutional under the Second Amendment; (3) unconstitutionally overbroad; (4) unconstitutionally vague; (5)

violative of the Commerce Clause; and (6) violative of the Equal Protection Clause. *See* Mem. [55]. Of note, Love concedes that several of these arguments are foreclosed by Fifth Circuit precedent. *Id.* at 1 (acknowledging that his facial challenge, Commerce Clause challenge, and Equal Protection Clause challenge are "foreclosed by pre-*Bruen* Fifth Circuit precedent").

Because Love acknowledges several of his challenges are foreclosed, the Government focuses its Response [57] on Love's as-applied and vagueness claims. *See* Resp. [57] at 1. Regarding the as-applied challenge, the Government claims Love "was convicted in Florida for burglary of an unoccupied conveyance and grand theft," *id.* at 2, and "was convicted in Texas of assault involving family violence by impeding breath," *id.* at 3. According to the Government, "Love's predicate theft convictions have sufficient Founding-era analogues to qualify as prior convictions for the purpose of 18 U.S.C. § 922(g)(1)." *Id.* at 2. And, in the alternative, Love's assault conviction is a constitutional predicate because "the Supreme Court has held that our nation's 'tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others.'" *Id.* at 4 (quoting *United States v. Rahimi*, 602 U.S. 680, 700 (2024)). Therefore, the Government asserts, "this Court should reject Love's 'as-applied' challenge." *Id.* at 2.

Turning to Love's vagueness challenge, the Government maintains that "[w]hen Love possessed the gun charged in the indictment, he had sufficient notice that it was then unlawful for '***any*** person . . . convicted in ***any*** court of, a crime

2

punishable by imprisonment for a term exceeding one year,' to possess a firearm." *Id.* at 5 (quoting 18 U.S.C. § 922(g)(1)). According to the Government, "[t]his statute by its terms sufficiently defined this offense so 'ordinary people' can readily 'understand what conduct is prohibited,' as the Supreme Court requires." *Id.* (citing *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)). Thus, "there was nothing vague about conviction for a felony as a bar to possession of a firearm at the time of Love's conduct here," and his vagueness challenge should be denied. *Id.*

## II. DISCUSSION

A.  Love's Facial Challenge, Commerce Clause Challenge, and Equal Protection Clause Challenge are Foreclosed by Fifth Circuit Precedent

As discussed, Love concedes that his facial challenge, Commerce Clause challenge, and Equal Protection Clause challenge to § 922(g)(1) are foreclosed by Fifth Circuit precedent. Mem. [55] at 1. The Court agrees. *See United States v. Gibson*, No. 22-40313, 2025 WL 1355422, at *1 (5th Cir. May 9, 2025) (holding that "Gibson's facial challenge [to § 922(g)(1)] is foreclosed by circuit precedent" (citing *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024))); *United States v. Branson*, No. 24-60417, 2025 WL 1571826, at *2 (5th Cir. Jun. 4, 2025) (holding that challenges to § 922(g)(1) under the Commerce Clause are foreclosed by Fifth Circuit precedent (citing *United States v. Seekins*, No. 21-10556, 2022 WL 3644185, at *2 (5th Cir. Aug. 24, 2022))); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013) (explaining that Commerce Clause challenges to § 922(g)(1) are foreclosed by Fifth Circuit precedent); *Branson*, 2025 WL 1571826, at *2 ("Branson argues that § 922(g)(1) violates the equal protection component of the Fifth Amendment's Due

3

Process Clause. However, once again, Branson concedes that 'this Court recently rejected a similar argument on plain error review in *United States v. Howard*, No. 24-40033, 2024 WL 449866, at *2 (5th Cir. Oct. 9, 2024)[.]'"). The Court will deny Love's Motion [54] as to these challenges.

B.     <u>Love's As-Applied Challenge Should be Denied</u>

According to the Fifth Circuit, "the plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1)," and thus the burden "shifts to the government to demonstrate that regulating [Love's] possession of a firearm is 'consistent with the Nation's historical tradition of firearm regulation.'" *Diaz*, 116 F.4th at 467 (quoting *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24 (2022)). To satisfy this burden, the Government must "identify a well-established and representative historical *analogue*, not a historical *twin*." *Id.* (quoting *Bruen*, 597 U.S. at 29). The Court finds that the Government has carried its burden in this case.

As discussed, Love's predicate offenses include a conviction "in Florida for burglary of an unoccupied conveyance and grand theft," *id.* at 2, as well as a conviction "in Texas [for] assault involving family violence by impeding breath," *id.* at 3. These offenses, if proven, would clearly indicate that he "present[s] a credible threat to the physical safety of others." *Rahimi*, 602 U.S. at 700. In the Court's view—and under Fifth Circuit and Supreme Court precedent—the Nation does have a historical tradition of firearm regulation when someone has been convicted of offenses substantially similar to those alleged here. *See Diaz*, 116 F.4th at 472 ("At

4

the time of the Second Amendment's ratification, those—like Diaz—guilty of certain crimes—like theft—were punished permanently and severely. And permanent disarmament was a part of our country's arsenal of available punishments at that time. Because applying § 922(g)(1) to Diaz 'neatly fits' in this tradition, it is constitutional as applied and facially as well." (citation omitted)); *Rahimi*, 602 U.S. at 700 ("Our tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others."); *see also United States v. Hicks*, No. 3:24-cr-437, 2025 WL 847874, at *6 (N.D. Tex. Mar. 18, 2025) ("Hicks's predicate convictions for aggravated assault resulting in serious bodily injury . . . and assault involving family violence by impeding breath and circulation . . . establish that he poses a clear threat to the physical safety of others. . . . For the foregoing reasons, Defendant's predicate convictions for assault support his permanent disarmament under § 992(g)(1)." (citations omitted)). Love's as-applied challenge should be denied.

C.  Love's Overbreadth Challenge Should be Denied

Next, the Court considers whether § 922(g)(1) is unconstitutionally overbroad. Although Love acknowledges overbreadth challenges are typically raised in the First Amendment context, he nonetheless argues the overbreadth doctrine should extend to the Second Amendment. *See* Mem. [55] at 8 n.1. Love cites no binding caselaw—and the Court is not aware of any—explicitly authorizing such a challenge in the Second Amendment context. But even assuming such a challenge were appropriate, the Court finds that it should be denied.

5

In *United States v. Hansen*, 599 U.S. 762 (2023), the Supreme Court explained that "an overbreadth challenge is unusual" because it departs from two important principles: first, that "litigants typically lack standing to assert the constitutional rights of third parties"; and second, that "litigants mounting a facial challenge to a statute normally must establish that *no set of circumstances* exists under which the [statute] would be valid." *Hansen*, 599 U.S. at 769 (emphasis in original) (quotation and citation omitted). "Breaking from both of these rules, the overbreadth doctrine instructs a court to hold a statute facially unconstitutional even though it has lawful applications, and even at the behest of someone to whom the statute can be lawfully applied." *Id.* "Because it destroys some good along with the bad, '[i]nvalidation for overbreadth is strong medicine that is not to be casually employed.'" *Id.* (quoting *United States v. Williams*, 553 U.S. 285, 293 (2008)).

Love has not demonstrated that such "strong medicine" is justified in this case. The Supreme Court has explained that "[t]o justify facial invalidation [including under the overbreadth doctrine], a law's unconstitutional applications must be realistic, not fanciful, and their number must be *substantially disproportionate* to the statute's lawful sweep." *Id.* at 770 (emphasis added). And "[i]n the absence of a lopsided ratio, courts must handle unconstitutional applications as they usually do—case-by-case." *Id.* Love has not demonstrated that the unconstitutional applications of § 922(g)(1) are substantially disproportionate to the statute's lawful sweep. Nor has he demonstrated that any of the traditional justifications for the overbreadth doctrine—such as those given in the First

6

Amendment context—apply. *See id.* at 769-770 ("We have justified this doctrine on the ground that it provides breathing room for free expression. Overbroad laws 'may deter or "chill" protected speech,' and if would-be speakers remain silent, society will lose their contributions to the 'marketplace of ideas.'" (quoting *Virginia v. Hicks*, 539 U.S. 113, 119 (2003)). Love's overbreadth challenge should be denied.

D.   Love's Vagueness Challenge Should be Denied

Next, the Court considers whether § 922(g)(1) is unconstitutionally vague. Love argues the statute is vague because "Section 922(g)(1) fails to provide specific notice of whether a person with a prior felony conviction can be constitutionally disarmed." Mem. [55] at 11. This is so, Love says, because district courts nationwide are struggling to engage in a "historical analysis for each predicate felony to ensure that there is a sufficient longstanding tradition of disarmament," to support the constitutionality of § 922(g)(1) in its various applications. *See id.* And that uncertainty means "there is no way for an ordinary person to know in advance of a court's retroactive declaration whether possessing a firearm post-conviction is a constitutional entitlement or a federal felony." *Id.*

But the Fifth Circuit recently addressed a substantially similar vagueness challenge and held that "Section 922(g)(1) survives vagueness review because 'it define[s] the criminal offense with sufficient definiteness that ordinary people can understand what *conduct* is prohibited . . . .'" *Branson*, 2025 WL 1571826 at *3 (emphasis in original) (quoting *United States v. Gray*, 96 F.3d 769, 776 (5th Cir. 1996)). In *Branson*, the Fifth Circuit explained that "[v]agueness challenges to

7

statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand." *Id.* (quoting *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 495 n.7 (1982)).  Thus, "[a]s a threshold matter, [Love] must show that the statute is vague *in his case . . . .*" *Id.* (quoting *United States v. Clark*, 582 F.3d 607, 614 (5th Cir. 2009)).

The Court finds that Love has not made that threshold showing because he was clearly put on notice that his alleged predicate offenses come within § 922(g)(1). As a reminder, that provision makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess any firearm.  18 U.S.C. § 922(g)(1).  Assuming his alleged predicate felonies are proven at trial, Love's situation neatly fits the statutory text. The Government alleges that, in 2002, Love "was convicted in Florida for burglary of an unoccupied conveyance and grand theft," *id.* at 2, and, in 2019, he "was convicted in Texas of assault involving family violence by impeding breath," *id.* at 3.  Assuming the truth of these allegations, under these facts and the express language of § 922(g)(1), an ordinary person had fair notice that it would be unlawful for them to possess a firearm.  *See Branson*, 2025 WL 1571826 at *3 (an individual convicted of bank robbery and sentenced to thirty-seven-months' incarceration "had fair notice that it is unlawful for them to possess a gun[.]"); *see also United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32-33 (1963) ("Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed." (citations omitted)).

As for Love's assertion that the Fifth Circuit's decision in *United States v. Diaz* made the statute vague, the Fifth Circuit recently rejected this argument on plain-error review in *Branson*. In that case, the defendant argued that "[u]nder the current test permitting disarmament only if the Government demonstrates that the Nation has a longstanding tradition of disarming someone with an analogous criminal history, an ordinary person cannot know in advance of a court's retroactive declaration whether possessing a firearm post-conviction is a constitutional entitlement or a federal felony." *Branson*, 2025 WL 1571826 at *3. But the Fifth Circuit explained that this argument "misunderstand[s] the concept of vagueness." *Id.* (citing *Gray*, 96 F.3d at 776 ("The 'void-for-vagueness' doctrine requires that a *penal statute* define the criminal offense with sufficient definiteness that ordinary people can understand what *conduct* is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." (emphasis added))). The text of the statute itself, § 922(g)(1), "clearly defines the prohibited conduct—possessing a firearm as a felon." *Id.* Therefore, the Fifth Circuit explained, § 922(g)(1) "survives vagueness review because 'it define[s] the criminal offense with sufficient definiteness that ordinary people can understand what *conduct* is prohibited . . . .'" *Id.* (quoting *Gray*, 86 F.3d at 776) (emphasis in original). The Court finds that Love's vagueness challenge should be denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant David Scott Love, IV's Motion [54] to Dismiss Indictment is **DENIED**.

**SO ORDERED**, this the 26th day of August, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE